IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEONARD SWAN,
      Plaintiff,

vs.                             Case No.: 3:14cv536/LAC/EMT

MICHAEL D. CREWS, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

    This case filed pursuant to 42 U.S.C. § 1983 is now before the court on Plaintiff's second amended complaint (ECF No. 15). Leave to proceed in forma pauperis has been granted (ECF No. 8).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).[1] A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] "The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." Iqbal, 556 U.S. at 696.

liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). In civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

Moreover, as the Supreme Court has noted, a complaint is subject to dismissal as frivolous under Section 1915 where the claims do not express a legal interest that actually exists, where they involve "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327–28, 109 S. Ct. 1827 (1989); *see also* Iqbal, 556 U.S. at 696; Denton v. Hernandez, 504 U.S. 25, 32–33, 112 S. Ct. 1728 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios"). Separate from the authority of the court to dismiss for failure to state a claim, the power to dismiss a claim as frivolous provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833). Thus, under this standard, "wildly implausible allegations in the complaint should not be taken to be true." *Id.*; *see also, e.g.,* Gallop v. Cheney, 642 F.3d 364, 366, 368–69 (2d Cir. 2011) (district court permitted to sua sponte dismiss complaint as factually frivolous where plaintiff, represented by counsel, filed complaint alleging that senior United States government officials caused the attacks of September 11, 2001); Russ v. Williams, No. 5:14cv164/RS/EMT, 2014 WL 7404060 at *2 (N.D. Fla. Dec. 30, 2014) (dismissing as frivolous claims that were "essentially rooted in [the plaintiff's] belief that federal agencies are secretly engaged in a conspiratorial vendetta against him whereby every otherwise legitimate action taken by any agency . . . is seen through the lens of this overarching conspiracy that Plaintiff believes exists").

Plaintiff, a prisoner of the State of Florida currently housed at Suwanee Correctional Institution, sues a wide range of Defendants, including: the current and three former Secretaries of the Florida Department of Corrections ("DOC"); the former warden of an unidentified correctional

institution; a classification officer, a librarian, an inspector, and a chaplain at Century Correctional Institution;  a life insurance company; a clerk of court in Wayne County, Michigan; two private attorneys, one practicing in Michigan and one in Florida; and a physician in Michigan (ECF No. 15 at 2–3).

The mainframe of Plaintiff's allegations concern divorce proceedings initiated against him in Wayne County, Michigan.  Although difficult to decipher, Plaintiff appears to allege that his wife was unduly influenced or coerced—or that she participated in the undue influence or coercion—such that the divorce proceedings were successfully concluded in Michigan, resulting in Plaintiff's becoming divorced.  Plaintiff alleges he was prevented from attending these proceedings or that his pleadings were rejected by the clerk of the Michigan court such that he was unable to litigate against the divorce.  Also apparently involved was an insurance policy for accidental injury and items of personal property such as a watch that his wife and/or the two private attorneys were able to fraudulently collect upon, as well as legal fees.  The Defendant officials with the DOC apparently conspired in these above matters by hindering Plaintiff's communications, threatening or placing him in administrative confinement, or forcing him to undergo mental health treatment.

As part of the overall scheme, Plaintiff alleges that telephone conversations that he thought were with his wife were actually with an impostor who could imitate her voice; that his wife attempted to have sexual relations with another man while talking to him on the telephone; that he was induced by voices, visions, hypnosis and "Scientology Dianetic methods" into fighting with another inmate and mailing pictures of himself to his wife, and experiencing "agonizing pain in form of crucifixion"; that his wife's handwriting and signature on documents were being forged; and that malicious software was used to manipulate his thinking and actions which consisted of Plaintiff having "been imposed upon with tragedy after tragedy, such as, that the Plaintiff's stepson . . . was subject to imprisonment for auto theft [and] . . . witnessed a murder by gang violence . . . ." (ECF No. 15 at 9–10 ).

Amongst Plaintiff's statement of claims are fraudulent concealment; intentional infliction of emotional distress; mail and wire fraud; deprivation of due process, equal protection, and access to courts; malicious prosecution; cruel and unusual punishment; and civil conspiracy.  As relief,

Plaintiff seeks to have his divorce lawsuit dismissed or reversed and to have his marriage reinstated. He also seeks compensatory and punitive damages.

Because Plaintiff essentially seeks to have this court overturn or otherwise interfere with divorce proceedings litigated in Michigan state court, the complaint is barred by the Rooker-Feldman doctrine, which places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476–82, 103 S. Ct. 1303, 1311–15, 75 L. Ed. 2d 206 (1983). The Eleventh Circuit has described the Rooker-Feldman doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted).

In Staley v. Ledbetter, the Eleventh Circuit held that the Rooker-Feldman doctrine deprived the district court of jurisdiction over a plaintiff's section 1983 claim in which she requested "reinstatement of parental custody and psychiatric care at state expense for her children and herself" based on alleged violations of the Equal Protection and Due Process Clauses. 837 F.2d 1016, 1017 (11th Cir. 1988). The Circuit Court stated that the plaintiff "in essence sought to reverse a state court's child custody determination" and held that:

> [N]o federal subject matter jurisdiction existed in this case. In effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights. The federal courts are not a forum for appealing state court decisions.

*Id.* at 1017–18. As with Staley, Plaintiff in the instant case seeks a reinstatement—of his marriage—that would in effect reverse or vacate the state court's determination. It is therefore the very sort of situation that the Rooker-Feldman doctrine was designed to eliminate. Thus, the complaint should be dismissed under the doctrine for lack of jurisdiction.

Moreover, even if the <u>Rooker-Feldman</u> doctrine were found not to apply, Plaintiff's complaint would be subject to dismissal under the long-standing position that federal courts should not assume jurisdiction over cases that require them to determine issues of divorce, alimony, or child custody, which are properly left to the state courts. <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 701–02, 112 S. Ct. 2206, 2216, 119 L. Ed. 2d 468 (1992) (explaining that the domestic relations exception to cases involving diversity jurisdiction was intended to keep federal courts from hearing cases that "seek the granting or modification of a divorce or alimony decree"); <u>Ingram v. Hayes</u>, 866 F.2d 368 (11th Cir. 1988). Thus, under this doctrine, a party cannot seek in federal court a relitigation or review of a state court's determination of parental custody rights. <u>Liedel v. Juvenile Court of Madison County, Ala.</u>, 891 F.2d 1542, 1545–46 (11th Cir. 1990). Because Plaintiff similarly asks the court in the instant case to review the Michigan state court's divorce decision, the court should not assume jurisdiction over this matter of state domestic relations law.

As far as Plaintiff's claims regarding insurance proceeds, fraud and the like, it must be noted that in any Section 1983 action, the initial inquiry must focus on whether two essential elements are present: (1) the plaintiff was deprived of a federal right and (2) that the deprivation was caused by a person acting under color of state law. *See* <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, Plaintiff alleges Defendants violated only state tort law; he does not allege any violation of the Constitution or federal law. Therefore, this court does not have jurisdiction under § 1983.

Additionally, many of the Defendants identified in the complaint, including the attorneys, physician, and the insurance company, are not appropriate defendants to a Section 1983 because they are private actors. As stated above, to state a valid claim for Section 1983 relief, a plaintiff must establish that the alleged civil rights deprivation was committed someone acting under color of state law." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). Private parties do not act under color of state law, and neither do private attorneys even when they represent clients in a court of law. <u>Polk County v. Dodson</u>, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981); <u>Christian v. Crawford</u>, 907 F.2d 808, 810 (11th Cir. 1990).

"[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process."  Cobb v. Georgia Power Co., 757 F.2d 1248, 1251 (11th Cir. 1985).

Although attorneys or other private parties can be subject to civil rights liability if they conspire with state or federal actors to deprive persons of their rights, a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990); Arnold v. Board of Education of Escambia County, Alabama, 880 F.2d 305, 309 n.2 (11th Cir. 1989); Kearson v. Southern Bell Telephone & Telegraph Co., 763 F.2d 405, 407 (11th Cir. 1985).  The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must detail how the defendants reached an agreement or understanding to commit the acts.  Bendiburg, supra.  Sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

While Plaintiff suggests there was a wide-ranging conspiracy to effect his divorce and the collection of insurance proceeds, his claims are bereft of any factual detail and are, frankly, the subject of fancy.  This brings the court to the final, and perhaps most important aspect of the complaint, that on the whole it is frivolous in that it describes situations and events that are simply removed from reality.  As provided by Neitzke and its progeny, supra, the court has the authority to dismiss cases with factual allegations that are delusional or fantastic.  Plaintiff's allegations, which include claims of mental manipulations and grand schemes of deception, all wholly implausible, fall into this category.

For the same reasons provided herein, the instant complaint fails to state a cognizable civil rights claim and is also factually and legally frivolous.

Accordingly, it respectfully **RECOMMENDED**:

1.      That this cause be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief may be granted.


2.      That all pending motions be denied as moot.

At Pensacola, Florida, this 2nd day of November 2015.

Case No.: 3:14cv536/LAC/EMT

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.